### NICHOLSON BARNES *v.* J. S. CRANDELL et al

*Interest cannot be claimed on a judgment which does not bear interest on its face, and which was rendered when no general law was in force by which interest was superadded to it.*

APPEAL from the District Court of Madison, *Farrar*, J.

    *Bemis & Wallace*, for plaintiff.   *A. Steel*, for defendants and appellants.

SPOFFORD, J.   This is an injunction sued out against an execution of a judgment rendered against the plaintiff, as surety upon the dissolution of a former injunction.

The plaintiff's pleadings and proofs, on the main grounds urged in discharge of his liability, are equally unsatisfactory. Conceding, what is far from being clear, that the agreement between *Lewis* and *Downs* was admissible under the vague allegations of the petition, the instrument fails to show a discharge of the principal debtor. There was only a promise to discharge him after certain conditions precedent should be performed, which are not shown to have been performed.

The loose plea of compensation is also untenable. *Barnes* was not debtor and creditor of *Downes* in the same quality, if indeed he was his creditor at all.

The plaintiff, therefore, cannot recover the sum of eighty dollars on the ground that he paid it in error to the defendant *Steel.*

But this sum should have been credited on the judgment, and the injunction is to be perpetuated for that amount.

And as the judgment bore no interest on its face, and no general law in force at the date of its rendition superadded interest to it, the injunction must be perpetuated against that part of the execution.

It is, therefore, ordered and decreed that the judgment of the District Court be avoided and reversed, and proceeding to render such judgment as should have been rendered, it is ordered and decreed that the injunction herein issued be made perpetual as to the interest called for by the writ of *fi. fa.* enjoined, and also for the sum of eighty dollars, which should be credited as having been paid to the defendant *Steel* on the 20th April, 1855; it is further ordered that in other respects the said injunction be dissolved, and the defendants allowed to proceed in execution against the plaintiff for the sum of three hundred and thirty-three dollars and costs; and it is further ordered and decreed that the defendant, *A. T. Steel*, recover of the plaintiff in injunction and his surety, *Ralph S. Coons, in solido*, interest upon the said sum of three hundred and thirty-three dollars, at the rate of eight per cent. per annum from the 14th July, 1855, until this judgment becomes executory; the costs in the District Court to be paid by the defendant, *Steel*, and those in this court by the plaintiff and appellee.